UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ADAM QUINCY JONES,

    Movant,

v().                                             Case No. 1:13-CV-1178
                                                (Criminal Case No. 1:11:CR:293-1)

UNITED STATES OF AMERICA,

                                                HON. GORDON J. QUIST

    Respondent.

_____/

## OPINION

Movant, Adam Quincy Jones, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his defense counsel was ineffective and that the Court imposed an illegal sentence. The Government has filed a response. After reviewing the motion, response, and pertinent portions of the record, the Court concludes that Jones is not entitled to relief, and his motion will be denied.

## PROCEDURAL HISTORY

On September 29, 2011, Jones was charged by criminal complaint with armed bank robbery, in violation of 18 U.S.C. § 2113(d). On October 19, 2011, the Government filed an indictment charging Jones with armed bank robbery (Count 1) and brandishing a weapon during a bank robbery, in violation of 18 U.S.C. § 924(c) (Count 2). On November 17, 2011, Jones pled guilty to both charges. On February 17, 2012, the Court sentenced Jones to 72 months for Count 1 and 84 months for Count 2, to be served consecutively. The judgment filed by the Court erroneously cited the bank robbery statute as 18 U.S.C. § 2114, rather than 18 U.S.C. § 2113.

Jones subsequently appealed his sentence, and the Sixth Circuit affirmed the sentence on October 23, 2012. Jones did not file a petition for certiorari.[1] Jones filed his § 2255 motion on October 25, 2013. Therefore, the motion is timely.

## LEGAL STANDARD

To obtain relief under 28 U.S.C. § 2255, a movant must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S. Ct. 1710, 1721–22 (1993)). "To prevail on a § 2255 motion alleging a non-constitutional error, the petitioner must establish a fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks and citations omitted).

Issues not raised on direct appeal are procedurally defaulted under § 2255 unless the petitioner can show good cause for failing to raise them on appeal and actual prejudice from such failure, or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). However, the procedural default rule does not apply to claims for ineffective assistance of counsel, which may be raised for

---

[1] "[F]or criminal defendants who do not file a petition for certiorari with [the Supreme] Court, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532,123 S. Ct. 1072, 1079 (2003). The time period for Jones to file a petition for certiorari expired on December 24, 2012.

the first time in a § 2255 proceeding. *See United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996).

To show ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was not within the range of reasonable professional assistance, and (2) that he suffered actual prejudice as a result of this deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998). In the context of a guilty plea, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985); *see also Swain v. United States*, 155 F. App'x 827, 831 (6th Cir. 2005) (citing *Hill*). "Courts need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) *(*quoting *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069).

## DISCUSSION

**A.    Ineffective Assistance of Counsel**

Jones argues that his defense counsel, Federal Public Defender Ray Kent, was ineffective because he (1) failed to object and show that the bank at issue was not insured by the Federal Deposit Insurance Corporation (FDIC); (2) failed to provide Jones with Jencks and Brady material, (3) failed to investigate and object to the charges in the indictment; and (3) failed to object to an illegally-imposed sentence.

The criminal complaint charging Jones included a sworn statement from an FBI agent that the bank was FDIC-insured, and the indictment also contained such allegation. Jones argues that his counsel should have objected to that allegation and shown that the bank was not FDIC-insured. However, Jones fails to point to any evidence that the bank was not FDIC-insured. As such, he has

failed to satisfy his burden to show prejudice. *See Bybee v. United States*, 66 Fed. App'x 557, 560 (6th Cir. 2003).

Jones next argues that counsel did not share Jencks and Brady material, failed to investigate, and did not object to the charges. Jones does not explain how any these alleged failures caused prejudice. Furthermore, the factual basis for Jones' argument is belied by the statements in an affidavit from counsel. In that affidavit, Mr. Kent stated that he did not receive any Jencks or Brady material, that he provided paper discovery to Jones, that he reviewed audio and video recordings with Jones, and that he and his staff undertook significant investigation. (Dkt. # 7, Page ID #28, ¶¶ 6.B., 6.C.) Accordingly, this claim must fail.

Jones contends that his sentence was illegal because he was arrested, indicted, and sentenced under 18 U.S.C. § 2114, which relates to a crime that he never committed. Contrary to Jones' argument, the indictment correctly charged him with violating 18 U.S.C. § 2113(d), the armed bank robbery statute, and he pled guilty to that offense. At the change of plea hearing, the Court thoroughly discussed with Jones the elements for the offense of armed bank robbery under § 2113(d). Furthermore, the transcript of the sentencing proceeding makes clear that all parties, as well as the Court, understood that Jones was sentenced for the crime of armed bank robbery. While the cover page of the presentence report and the Judgment erroneously cited 18 U.S.C. § 2114, both those documents stated that the offense was armed bank robbery. Under the circumstances, it is clear that Jones was sentenced for the crime of armed bank robbery pursuant to § 2113(d), and that the citation to § 2114 on the Judgment was simply a typographical error. It did not constitute "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings," *Watson*, 165 F.3d at 488, that would warrant granting § 2255 relief.

### B.   Illegal Sentence

Jones contends that his sentence was illegal because he could not be charged under both 18 U.S.C. § 2113(d) and § 924(c). Jones argues that the Government could not charge him under § 924(c), which relates to brandishing a firearm in furtherance of a crime, because it had already charged him under § 2113(d), which contemplates using a firearm. The Sixth Circuit has previously rejected this argument. *See United States v. Davis*, 306 F.3d 398, 417-418 (6th Cir. 2002) (finding that the defendant could be convicted under both statutes because "Congress expressly provided that courts may impose punishment for a violation of § 924(c) in addition to the punishment imposed for the predicate felony."). Furthermore, this argument was not raised on appeal, and Jones has not explained why it was not procedurally defaulted. *See Peveler*, 269 F.3d at 698. Accordingly, this claim fails.

### C.   Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Jones has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has considered Jones' claim under the *Slack* standard. Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484, 120 S. Ct. at 1604. The Court finds that reasonable

jurists could not find that this Court's dismissal of any of Jones' claims was debatable or wrong. Therefore, the Court will deny Jones a certificate of appealability.

## CONCLUSION

For these reasons, Jones' § 2255 Motion will be dismissed.  In addition, the Court will deny Jones a certificate of appealability because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.


Dated:  May 15, 2014                                       /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE